UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-22438-CIV-COHN/SELTZER

MIKE PETINSKY,

     Plaintiff,

v.

N & D HOLDING, INC.,

     Defendant.

_____/

## <u>ORDER DENYING MOTION TO DISMISS</u>

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Complaint for Lack of Standing and Due to Mootness [DE 20] ("Motion").  The Court has reviewed the Motion and Plaintiff's Opposition [DE 22], and is otherwise advised in the premises.

**I.  BACKGROUND**

This action arises from Defendant's alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq.  Plaintiff alleges that Defendant owns, leases, or operates a shopping center at 18721–18761 West Dixie Highway, North Miami, Florida (the "Shopping Center"), and that numerous elements of the Shopping Center do not comply with ADA requirements.  Id. ¶¶ 2, 7.  Plaintiff—who is unable to walk and uses a wheelchair (id. ¶ 1)—contends that he has visited the Shopping Center and plans to return.  Id. ¶ 8.  As a result of Defendant's noncompliance with the ADA, however, Plaintiff alleges that he suffers discrimination at the Shopping Center.  Id. ¶¶ 8–17.  Plaintiff thus brings this action seeking to compel Defendant to remedy the noncompliant aspects of the Shopping Center.  Id. at 6–7.  Defendant has in turn moved to dismiss the action pursuant to Rule 12(b)(1) and (b)(6).  DE 20 at 1.

## II.  LEGAL STANDARD

### A.  Motion to Dismiss for Lack of Subject-Matter Jurisdiction

"It is a principle of first importance that the federal courts are tribunals of limited subject matter jurisdiction."  13 Charles Alan Wright et al., Federal Practice & Procedure § 3522 (3d ed. Westlaw 2013).  When a court lacks jurisdiction over the subject matter of a case, dismissal is warranted.  See Fed. R. Civ. P. 12(b)(1).  Attacks on subject-matter jurisdiction may be either facial or factual.  See Lawrence v. Dunbar, 919 F.2d 1525, 1528–29 (11th Cir. 1990) (per curiam).  Here, the Motion involves a factual attack because it "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings."  See Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).[1]

In a factual attack, the Court may consider extrinsic evidence such as testimony and affidavits.  See id.  "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," and "no presumptive truthfulness attaches to plaintiff's allegations."  Lawrence, 919 F.2d at 1529 (internal quotation marks omitted).  Further, the plaintiff "has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction."  Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. May 1981).

### B.  Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the

---

[1] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

complaint cannot support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  A well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely."  Id. at 556 (internal quotation marks omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

## III.  ANALYSIS

Defendant moves to dismiss on three grounds.  First, Defendant argues that Plaintiff's status as a serial litigant deprives him of standing.  DE 20 at 1–2.  Second, Defendant contends that Plaintiff's allegations of ADA violations lack sufficient factual detail.  Id. at 2.  Finally, Defendant states that it has already brought its property into compliance with the ADA, rendering Plaintiff's action moot.  Id. at 2–3, 5.  The Court finds each of Defendant's arguments without merit, and will deny the Motion.

### A. __Plaintiff Has Established Standing at This Stage of Litigation__

Because Plaintiff has sufficiently alleged past and prospective harm caused by Defendant's violation of the ADA, he has established his standing to pursue this action for injunctive relief. Defendant argues that Plaintiff's status as a serial litigant and "tester" in ADA cases renders Plaintiff's allegations of injury unworthy of belief. Plaintiff's frequent initiation of ADA cases, however, does not deprive him of standing. Given that Defendant has offered no evidence other than Plaintiff's litigation history to controvert the Complaint's allegations of harm, the Court finds that Plaintiff has established Article III standing at this time.

Plaintiff must satisfy three prongs of the constitutional standing analysis to possess Article III standing to bring suit: (1) injury-in-fact; (2) a causal relationship between the injury and Defendant's challenged conduct; and (3) that a favorable decision would redress that injury. Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001). Within the context of an action seeking an injunction to remedy a violation of the ADA, a plaintiff must also show a "sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 2013 U.S. App. LEXIS 22232, at *11 (11th Cir. 2013) (quoting Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1283–84 (11th Cir. 2001)).

Plaintiff cannot walk and relies on a wheelchair for transportation. DE 1 ¶ 1. Plaintiff has alleged that numerous elements of the Shopping Center fail to comply with the ADA's requirements. Id. ¶ 7. Plaintiff alleges that he visited the Shopping Center, and suffered various discrimination as a result of this noncompliance. Id. ¶¶ 7–10. Plaintiff has stated a desire and intent to return to the Shopping Center (id. ¶ 8), but contends that he will be frustrated and deterred by Defendant's ongoing violation of the

ADA (id. ¶¶ 12, 14).  Plaintiff also alleges that "it would be a futile gesture to return to the [Shopping Center] as long as those violations exist unless he is willing to suffer additional discrimination."  Id. ¶ 11.

Plaintiff argues that these ongoing effects of Defendant's alleged noncompliance with the ADA establish his standing.  Id. ¶ 13; DE 22 at 9–16.  The Court agrees with Plaintiff that his allegations plead sufficient past harm suffered, and a sufficient likelihood that he will be impacted by Defendant's alleged violation of the ADA in the future, to support his standing at this stage of litigation.  See Lugo v. 141 Nw. 20th St. Holdings, LLC, 878 F. Supp. 2d 1291, 1295–96 (S.D. Fla. 2012) (finding similar allegations sufficient to support standing).

Defendant nevertheless urges the Court to draw upon Plaintiff's history as a serial litigant to find Plaintiff's allegations of injury unworthy of belief.  DE 20 at 1–4.  A plaintiff's status as a "serial plaintiff" or "tester" with regard to ADA claims, however, does not negate his standing.  Houston, 2013 U.S. App. LEXIS 22232, at *21–28. Further, apart from Plaintiff's litigation history, Defendant offers no facts to contradict Plaintiff's allegations of harm.  Defendant merely argues that because "there is no evidence" to corroborate Plaintiff's stated desire to return to the Shopping Center, or that Plaintiff has visited the Shopping Center as alleged in the Complaint, the Court should disregard Plaintiff's assertions of future harm.  See DE 20 at 2.

In the absence of any evidence controverting Plaintiff's allegations, however, the Court declines to dismiss the action for lack of standing at this time.  Such a resolution is appropriate even when faced with a factual attack on a plaintiff's standing when a defendant's arguments also implicate the merits of a plaintiff's causes of action—in this

case, whether Plaintiff ever visited the Shopping Center and suffered the discrimination alleged—more appropriate for resolution at the summary judgment stage.  <u>See</u> <u>Lawrence</u>, 919 F.3d at 1530; <u>Houston v. 7-Eleven, Inc.</u>, No. 13-1845, 2013 U.S. Dist. LEXIS 165715, at *10 (M.D. Fla. Nov. 21, 2013) (denying without prejudice 12(b)(1) motion to dismiss for lack of standing of "tester" plaintiff's action at early stage of litigation).  The Court will therefore deny that prong of the Motion seeking to dismiss the action for lack of standing, but without prejudice to Defendant's reassertion of the argument at the summary judgment stage.

### B. <u>Plaintiff Has Alleged Noncompliance with the ADA in Sufficient Detail</u>

Defendant also contends that Plaintiff has failed to state a claim because Plaintiff has not alleged the noncompliant elements of the Shopping Center with sufficient factual detail.  However, the applicable pleading standard of Rule 8 does not require the factual specificity urged by Defendant.  Because Plaintiff's Complaint contains sufficient detail to put Defendant on notice of the claim against it, the Court rejects Defendant's argument that Plaintiff has failed to plead sufficient factual detail to support this action.

Defendant takes issue with the level of factual detail in the Complaint, arguing that Plaintiff did not specify the precise quantities of noncompliant elements at the Shopping Center, and insufficiently detailed how each of these elements fails to comply with the ADA's requirements.  DE 20 at 4–5.  A plaintiff bringing a claim under Title III of the ADA, however, need not plead his claims with the specificity urged by Defendant. Instead, Plaintiff need only satisfy the notice pleading standard of Rule 8, which requires a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2); <u>see also</u> <u>Lugo</u>, 878 F. Supp. 2d at 1294–95 (rejecting defendant's argument for dismissal of ADA suit based on lack of specificity).

Here, Plaintiff identifies numerous allegedly noncompliant elements at the Shopping Center, including an insufficient number of accessible parking spaces, accessible parking spaces that are improperly sloped or lack signage, improperly sloped curb ramps or curb ramps lacking protective edges, a lack of compliant routes from the Shopping Center's parking to its entrances, and obstructed bathrooms.  DE 1 ¶ 7.  Plaintiff also alleges that the bathrooms at the Shopping Center lack grab bars, contain inaccessible sinks and amenities, and have insufficient maneuvering space.  Id.  Plaintiff alleges that he has suffered discrimination as a result of having to contend with the aforementioned ADA violations.  Id. ¶ 8.  The Court finds that these allegations are sufficient to give Defendant notice of the factual basis of Plaintiff's action and to satisfy the applicable standard of Rule 8.  The Court will therefore deny that prong of the Motion seeking dismissal of the Complaint for failure to specify the nature of the ADA violations at issue.

**C.  Defendant Has Failed to Establish that the Relief Sought Is Moot**

Finally, the Court rejects Defendant's argument that Plaintiff's claim is moot.  Defendant contends that it remedied any ADA violations at the Shopping Center as the result of the settlement of a prior ADA lawsuit filed against it.  DE 20 at 2–3, 5; see generally Buchholz v. I.Y. Catering, Inc., No. 11-21072 (S.D. Fla.) ("Buchholz").  An ADA suit may become moot when the alleged violations are remedied subsequent to the filing of a lawsuit seeking injunctive relief.  Nat'l Alliance for Accessibility, Inc. v. Cont'l Foods, Inc., No. 11-240, 2012 U.S. Dist. LEXIS 125220, at *8–9 (M.D. Fla. Apr. 11, 2012).  Here, however, Defendant does not contend that it remedied the violations of which Plaintiff complains subsequent to the filing of this lawsuit.  Instead, Defendant asserts vaguely that "any of the alleged ADA compliance failures of the

[Shopping Center] that may have existed have been corrected" as the result of the Buchholz settlement.  DE 20 at 5.  The amicable resolution of Buchholz—which occurred over two years prior to Plaintiff's filing of the instant action (see Buchholz, DE 12)—does not establish that the noncompliant elements of which Plaintiff now complains have been corrected.  Without more, Defendant's invocation of prior litigation over purported ADA violations at the Shopping Center does not suffice to render this action moot.[2]  See Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1184 (11th Cir. 2007) (cessation of complained-of conduct must be "absolutely clear" for mootness to apply).  The Court therefore denies that prong of the Motion seeking to dismiss the Complaint on mootness grounds, again without prejudice to Defendant's reassertion of the argument at the summary judgment stage.

## IV.  CONCLUSION

In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Complaint for Lack of Standing and Due to Mootness [DE 20] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 12th day of December, 2013.

JAMES I. COHN
United States District Judge

---

[2] Defendant also contends that "[a]ffidavits . . . with exhibits attached thereto" establish that the ADA violations at issue herein have been remedied.  DE 20 at 5. Defendant, however, has failed to provide any such affidavits or exhibits to accompany its moving papers.  Plaintiff, for his part, contends that a recent reinspection of the Shopping Center demonstrates that the violations persist.  DE 22 at 18.

Copies provided to:
Counsel of record via CM/ECF